*N.L.R.B. v. Nexstar Media Inc.*

# United States Court of Appeals

# For the Second Circuit

August Term 2024

Submitted:  March 4, 2025
Decided:  April 3, 2025

No. 24-2818

NATIONAL LABOR RELATIONS BOARD,

*Petitioner*,

THE NATIONAL ASSOCIATION OF BROADCAST EMPLOYEES & TECHNICIANS-
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,

*Intervenor*,

*v.*

NEXSTAR MEDIA INC., AUTHORIZED TO OPERATE
TELEVISION STATION WROC-TV,

*Respondent*.

Application for Enforcement of an Order of the

National Labor Relations Board

03-CA-332930.

Before:    DENNIS JACOBS, DENNY CHIN, and SARAH A. L. MERRIAM, *Circuit Judges.*

UPON DUE CONSIDERATION of Respondent's motion to dismiss the application of the National Labor Relations Board for enforcement of its August 29, 2024, decision and order, it is hereby ORDERED, ADJUDGED, AND DECREED that the motion is DENIED.

> Ruth E. Burdick, Deputy Associate General Counsel, National Labor Relations Board, Washington, D.C., *for Petitioner National Labor Relations Board.*

> Dean Kpere-Daibo, Constangy, Brooks, Smith & Prophete, LLP, St. Louis, MO, *for Respondent Nexstar Media Inc.*

*Per Curiam*:

The National Labor Relations Board ("NLRB" or the "Board") seeks enforcement of its August 29, 2024, order directing respondent Nexstar Media Inc. to recognize and bargain with the National Association of Broadcast Employees & Technicians-Communications Workers of America, AFL-CIO (the "Union"). That order reserved the issue of whether Nexstar should also compensate its employees for its delay in bargaining with the Union (the

"remedial-relief issue"). Because the NLRB reserved the remedial-relief issue for future consideration, Nexstar contends that the August 2024 Order is not final and moves to dismiss this enforcement proceeding for lack of jurisdiction. We reference the underlying facts, the procedural history, and the issues on appeal only as necessary to explain our decision to deny the motion to dismiss.

We have not yet decided in a precedential opinion whether the NLRB's severance of a discrete remedial issue impairs our jurisdiction to review an application to enforce an otherwise final order. *Cf. N.LR.B. v. Blue Sch.*, No. 23-6305, 2024 WL 4746378, at *1 (2d Cir. Nov. 12, 2024) (summary order concluding "that the Board's severance of a discrete remedial issue does not impact our jurisdiction"). Four of our sister Circuits have held that the NLRB's severance of a discrete remedial issue does not necessarily render an NLRB order non-final. *See N.L.R.B. v. ArrMaz Prods. Inc.*, 123 F.4th 1295, 1303 (11th Cir. 2024); *N.L.R.B. v. United Scrap Metal PA, LLC*, 116 F.4th 194, 197 (3d Cir. 2024); *N.L.R.B. v. Siren Retail Corp.*, 99 F.4th 1118, 1123-24 (9th Cir. 2024); *Longmont United Hosp. v. N.L.R.B.*, 70 F.4th 573, 578 (D.C. Cir. 2023). For the reasons stated below, we reach the same conclusion.[1]

---

[1] We have jurisdiction to enforce NLRB orders upon petition by the Board under 29 U.S.C. § 160(e). That provision does not explicitly require such orders to be

3

To be considered "final," an agency order must satisfy two criteria: "First, the action must mark the consummation of the agency's decisionmaking process--it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quotation marks and citation omitted). An agency process reaches "consummation" when the agency "has arrived at a definitive position on the issue." *Darby v. Cisneros*, 509 U.S. 137, 144 (1993). "[S]econd, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett*, 520 U.S. at 178 (quotation marks and citation omitted). "For the second prong, the core question is whether the result of the agency's decisionmaking process is one that will directly affect the parties." *Salazar v. King*, 822 F.3d 61, 82 (2d Cir. 2016) (alterations, quotation marks, and citation omitted).

The order at issue here is final. First, the NLRB's determination that Nexstar improperly failed to recognize or bargain with the Union and must now do so marked the "consummation" of its decisionmaking process concerning Nexstar's obligation to bargain. There is no indication that the Board will have

---

final, unlike a neighboring provision that authorizes judicial review of "a final order of the Board" upon petition by an aggrieved party. *See* 29 U.S.C. § 160(f). We express no opinion on whether § 160(e) grants us jurisdiction over petitions to enforce non-final orders in addition to final ones.

the opportunity to change its position on the refusal-to-bargain issue in any severed proceeding regarding the remedial-relief issue; so the remedial-relief issue "is not linked--inextricably or otherwise--with the order to recognize and bargain with the Union." *Siren Retail Corp.*, 99 F.4th at 1123 (quotation marks omitted). The Board's position is definitive on the issues resolved by the order that the Board now petitions us to enforce. Second, the Board's order is one "'from which legal consequences'--the requirement to bargain with the Union--'will flow' if enforced." *Id.* (quoting *Bennett*, 520 U.S. at 177–78). The Board's order determined that Nexstar must perform an action that it has thus far avoided--namely, bargain with the Union. Should we grant the Board's petition, Nexstar will experience the legal consequence of having to engage in this bargaining process. Under these circumstances, the Board's order is final, and we have jurisdiction over the Board's petition to enforce it.

We have considered Nexstar's remaining arguments and conclude they are without merit. Accordingly, the motion to dismiss is **DENIED**.